Moss, Judge,
delivered the opinion of the court:
Plaintiff, C. B. Fox Company, Inc., organized in 1915, was engaged in buying and exporting grain. C. B. Fox, prior to such organization and since 1894, had been engaged in the same business. The corporation had a capital stock of $100,000, all paid in, ninety-eight per cent of which was owned by C. B. Fox. For the fiscal year ending June 30, 1917, plaintiff filed its income and excess-profits tax returns, showing a net income of $244,230.27. The Commissioner of Internal Revenue assessed a total tax liability against plaintiff of $74,155.52, which was paid. The excess-profits tax was assessed under section 201 of the revenue act of 1917, 40 Stat. 303. On October 11, 1924, plaintiff applied for a refund of said tax, claiming that it was entitled to the benefit of section 210 of the act of 1917, known as the “ special assessment section,” 40 Stat. 307. Plaintiff was advised by letter dated November 13, 1925, that its application had been allowed, and that upon a recomputation the correct tax had been determined to be $56,766.94. Prior to this *450 date, however', to wit, on March 20, 1925, plaintiff filed its second application for refund, in which it was specifically stated: “ Claim is made that the taxes of this corporation for the year in question should have been computed in accordance with the provisions of section 209 of the act of October 3, 1917, due to the fact that only a nominal capital was invested in the business.” This claim was rejected.
It is plaintiff’s contention in this action that its invested capital of $100,000 was not more than a nominal capital, and that its excess-profits tax should have been assessed under said section 209, 40 Stat. 307. If plaintiff’s theory is correct, it is entitled to recover $37,927.47.
Under section 201 of the act of 1917, which relates to the excess-profits tax, the tax is based on the relation between the net income and the invested capital, according to a graduated scale of percentages set forth in the act itself. Section 209 of said act imposes a tax on a trade or business having no invested capital or not more than a nominal capital. It is in the following language: “ That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected, and paid, in addition to the taxes under existing law and under this act, in lieu of the tax imposed by section 201, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: * * The rates provided in section 201 range from 20 per cent to 60 per cent of the amount of the net income. It was the method provided by Congress for measuring the excess-profits tax of a corporation operating on an invested capital; and the scale of percentages was graduated to meet the varying conditions as to the amount of such invested capital. In the enactment of section 209 relating to a trade or business not operating on capital invested, or whose capital was merely nominal, Congress was compelled to resort to a wholly different method for the measurement of such tax, and this was accomplished by the allowance of certain substantial arbitrary deductions and the adoption of a purely arbitrary rate of 8 per centum of the net income. The purpose in both instances was to provide a proper measure or rate *451 to be applied to the net income in computing the tax. In the case under consideration the income was produced by the use of capital. In addition to the $100,000 paid-in capital, the corporation borrowed monthly an average amount of more than $900,000 on the personal endorsement of C. B. Fox, the grain bills of lading being also pledged as security. The gross sales for the year in question amounted to more than $12,000,000, and the net income to $244,230.21. Is it a reasonable contention that because plaintiff’s transactions for the year in question were out of proportion to the amount of the invested capital, $100,000, such capital should be regarded as nominal or negligible? If plaintiff’s contention is sound, then an invested capital of, say, $500,000, in a business which resulted in proportionately larger gross sales and a proportionately greater net income, could likewise be treated as nominal capital. It is shown by the evidence that in plaintiff’s business the income or profits are in direct proportion to the amount of capital employed, which in this case amounted to several hundred thousand dollars, one hundred thousand of which was paid in, and the remainder borrowed money.
Article 14 of the Treasury Regulations promulgated for administering the excess-profits tax defined a trade or business coming within the provisions of section 209 as follows:
“ * * * The term £ nominal capital ’ as used in section 209 means in general a small or negligible capital' whose use in a particular trade or business is incidental. The following will not be construed as business having a nominal capital for purposes of excess-profits tax.
“ (a) A business which because of conditions arising from the war or exceptional opportunities for profits earns a disproportionately high rate of profits during the taxable year, if it belongs to a class which necessarily a/nd customarily reguires capital for its operation.
“ (b) Corporations which, although their capitalization is nominal employ a substantial amount of capital in their business.” (Our italics.)
It can not be questioned that plaintiff conducted a type of business which “necessarily and customarily requires capital for its operation,” and, further, there was employed *452 in a a very large amount.
At plaintiff’s own request and on its own application the Commissioner of Internal Revenue, doubtless recognizing the excessive burden resulting from the computation of the tax on the basis of the relation between net income and invested capital, allowed plaintiff the benefit of section 210 by giving due consideration to the rates applied to representative companies in the same business. We are only concerned, however, with plaintiff’s present contention that its invested capital of $100,000 was not more than a nominal capital within the meaning of the statute, and for reasons herein indicated we are unable to sustain that contention.
It is admitted that plaintiff is entitled to recover the sum of $979.12 due to an error in computation. Judgment will be entered for that amount.
SiNNOtt, Judge; GREEN, Judge; Graham, Judge; and Booth, Chief Justice, concur.